IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE M. ANTONGIOVANNI, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15 C 10921 |
| v. | ) ) | Judge Amy St. Eve |
| EQUIFAX INFORMATION SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

The Court, in its discretion, denies Defendant Equifax Information Services, LLC's motion to stay. [26]. Status hearing set for 4/13/16 is stricken and reset to 3/21/16 at 8:30 a.m.

## STATEMENT

On December 4, 2015, Plaintiff Elaine M. Antongiovanni ("Plaintiff") brought a two-count Class Action Complaint against Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). Defendant has moved the Court to stay the present proceedings pending the United States Supreme Court's decisions in *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791 (8th Cir. 2014), *cert. granted,* — U.S. —, 135 S.Ct. 2806, 192 L.Ed.2d 846 (2015) (argued Nov. 10, 2015), and *Robins v. Spokeo, Inc.,* 742 F.3d 409 (9th Cir. 2014), *cert. granted,* — U.S. —, 135 S.Ct. 1892, 191 L.Ed.2d 762 (2015) (argued Nov. 2, 2015). For the following reasons, the Court, in its discretion, denies Defendant's motion.

## FACTUAL BACKGROUND

Plaintiff asserts that she is a victim of identity theft and is bringing this FCRA claim due to Equifax's failure to block the reporting of fraudulent information in her credit file and report after she presented Equifax with an identity theft report. *See* 15 U.S.C. § 1681c-2. Further, Plaintiff claims that Equifax failed to comply with the FCRA requirement to provide her with notice under 15 U.S.C. § 1681c-2(c)(2) after declining her request to block the fraudulent information. In her Class Action Complaint, Plaintiff alleges both negligent and willful violations of the FCRA under 15 U.S.C. §§ 1681n and o, and seeks statutory damages, actual damages, punitive damages, and attorney's fees and costs.

## LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.,* 410 F.3d 964, 980 (7th Cir. 2005); *see also Robrinzine v. Big Lots Stores, Inc.,* No. 15 C 7239, 2016 WL 741352, at *1 (N.D. Ill. Feb. 11, 2016). Courts may consider three factors in ruling on motions to stay: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether a stay will reduce the burden of litigation on the parties and the court. *See Fitzhenry v. Career Educ. Corp.,* No. 14 C 10172, 2016 WL 792312, at *4 (N.D. Ill. Mar. 1, 2016); *Johnson v. Navient Solutions, Inc.,* No. 15 C 0716, 2015 WL 8784150, at *1 (S.D. Ind. Dec. 15, 2015).

## ANALYSIS

Equifax brings the present motion to stay pending the Supreme Court's decisions in *Spokeo* and *Tyson Foods*. Equifax argues that these two decisions will impact class certification of a statutory damages class for a willful violation of the FCRA. The question presented in *Spokeo* was "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Robrinzine*, 2016 WL 741352, at *2 (citations omitted). The question relevant to this lawsuit that was presented in *Tyson Foods* was "[w]hether a class action may be certified or maintained under Rule 23(b)(3), or a collective action certified or maintained under the Fair Labor Standards Act, when the class contains hundreds of members who were not injured and have no legal right to any damages." *Tyson Foods, Inc. v. Bouaphakeo,* No. 14-1146, "Question Presented," *available at* http://www.supremecourt.gov/qp/14-01146qp.pdf; *see also McMahon v. LVNV Funding, LLC,* 807 F.3d 872, 874 n.1 (7th Cir. 2015). Simply put, these decisions concern whether a FCRA statutory damage class action – in which class members have not suffered any concrete harm – violates Article III's standing requirements.

Under current Seventh Circuit law, Equifax's standing argument fails. Although "Congress 'may not lower the threshold for standing below the minimum requirements imposed by the Constitution,' . . . Congress does have the power to 'enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute.'" *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014) (quoting *Kyles v. J.K. Guardian Sec. Servs., Inc.*, 222 F.3d 289, 294 (7th Cir. 2000)). Given the Seventh Circuit's recognition of "injuries in law," Plaintiff has standing to sue Equifax. Indeed, even if Plaintiffs' alleged injuries do not amount to actual injuries, "technical violations of the statute . . . are precisely what Congress sought to illegalize by enacting" the FCRA. *Sterk*, 770 F.3d at 623.

The Court recognizes that "[i]f the Supreme Court answers th[e] question in Spokeo's favor, then the opinion might well overrule *Sterk*." *Melnarowicz v. Pierce & Associates, P.C.*, No. 14 C 07814, 2015 WL 4910748, at *2 (N.D. Ill. Aug. 17, 2015). For now, however, Seventh

Circuit law dictates that Plaintiff has standing to sue Equifax under the FCRA. Thus, a stay will unduly prejudice Plaintiff because, under controlling law, she can bring this lawsuit – especially because she has alleged actual harm. *See Santangelo v. Comcast Corp.*, No. 15 C 0293, 2016 WL 464223, at *3 (N.D. Ill. Feb. 8, 2016) ("Although the Supreme Court is considering the scope of Congress's ability to decide what constitutes injury-in-fact in an FCRA case, *see Spokeo, Inc. v. Robins,* — U.S. —, 135 S.Ct. 1892, 191 L.Ed.2d 762 (2015) (granting certiorari), this Court remains obliged to follow the law as it stands now."). For these reasons, the Court, in its discretion, denies Equifax's motion.

**Dated:** March 11, 2016

_____
**AMY J. ST. EVE**
**United States District Court Judge**